```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x     NOT FOR PUBLICATION

HARRIPRASHAD SANICHAR,

                        Plaintiff,                                     MEMORANDUM
                                                                       AND ORDER
             -against-                                                 10-CV-1613 (KAM)

DAYAWATTIE BISHUNAUTH,

                        Defendant.
-----------------------------------------------------------------x
```

MATSUMOTO, United States District Judge:

On April 7, 2010, plaintiff Harriprashad Sanichar ("plaintiff"), appearing *pro se*, filed this civil action alleging that defendant damaged his credit. (See Doc. No. 1, Compl. at ¶ II and Annexed Statement dated Apr. 7, 2010.) Plaintiff additionally moves, pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis*. (Doc. No. 2.) For the purpose of this order, the court grants plaintiff's request to proceed *in forma pauperis*; however, for the reasons discussed below, plaintiff's Complaint is dismissed without prejudice.

## BACKGROUND

Plaintiff alleges that he entered into an agreement with defendant Dayawattie Bishunauth, his sister-in-law, to "tak[e] a loan on her behalf" to purchase a building in the Bronx because his "credit was excellent." (See Compl., Annexed Statement at 1-2.) According to the Complaint, on March 7, 2007, plaintiff took out a mortgage in the amount of $460,000. (Id.) Plaintiff alleges that defendant "promise[d] me that within three to four months she will refinance the building and will take the loan off my name" but has failed to do so. (Id. at 2.) Plaintiff further alleges that defendant has failed to make mortgage payments, but still collects rental income from the property and that he was told that the property is in foreclosure proceedings. (Id. at 2-3.) Plaintiff also alleges that he has "contacted the fraud squad at the bank . . . ." (Id. at 3.)

## STANDARD OF REVIEW

In reviewing plaintiff's Complaint, the court is mindful that, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court "shall dismiss the case if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Indeed, a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action. See Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983); see also Colombo v. County of Suffolk, No. 10-CV-1134, 2010 U.S. Dist. LEXIS 35900, at *2 (E.D.N.Y. Apr. 8, 2010) ("*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal quotation marks and citations omitted).

## DISCUSSION

Plaintiff's Complaint is dismissed without prejudice because plaintiff fails to set forth any facts to suggest that this court has subject matter jurisdiction over this action. The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal question" jurisdiction and § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes federal question jurisdiction where he pleads a colorable claim "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A plaintiff invokes diversity of citizenship jurisdiction, *inter alia*, where he presents a claim between "citizens of different

States" or "citizens of a State and citizens or subjects of a foreign state" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).

Here, the gravamen of plaintiff's claim is that defendant breached an agreement with plaintiff and caused damage to plaintiff's credit by failing to make payments on a loan taken out in his name. These facts do not suggest or invoke the court's federal question jurisdiction because plaintiff's breach of contract claim arises under state law, if at all, and not under federal law. These facts also do not suggest or invoke the court's diversity jurisdiction because both parties are domiciled in New York so complete diversity of citizenship does not exist. (See Compl. ¶ I.) "[S]ubject-matter jurisdiction involves a court's power to hear a case," and thus, "it can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Indeed, "[i]f the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Any state law claims are also dismissed without prejudice and the court offers no opinion as to whether plaintiff has pled any cognizable state law claim. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
April 26, 2010